**Jerome CARPENTER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54466.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1970.

---

Thompson, Mitchell, Douglas, Neill & Guerri and J. Peter Schmitz, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

Charged with murder in the first degree in shooting his homosexual paramour, Alfred Arnold, Jerome Carpenter on May 22, 1961, with experienced hired counsel, withdrew his previous plea of not guilty and entered a plea of guilty. The court instead of immediately sentencing the defendant or requiring a presentence investigation and report heard evidence and conducted a hearing directed solely to the punishment to be inflicted, life imprisonment or death. In the course of that hearing, in the statement of the prosecuting attorney, by medical evidence, a psychiatrist called by the state and another by the defendant, it appeared that Carpenter had been confined in the Illinois State Penitentiary at Menard for the larceny of a motor vehicle. It also appeared that while in the Illinois penal institution he had been given a series of shock treatments for mental illness, the diagnosis being "schizophrenic reaction, simple type, chronic." Six years later, August 1967, Carpenter instituted this 27.26 proceeding which when amended by his court-appointed counsel raised the questions briefed and argued here upon appeal from an order denying relief under rule 27.26, V.A.M.R., that at the time of Carpenter's entering his plea and upon the hearing and sentencing he was suffering from a mental disease and the court in accepting his plea of guilty infringed his state and federally guaranteed rights to a fair trial and due process.

The court conducted a hearing on the 27.26 motion but in so doing the court emphasized that the sole issue on May 22, 1961, after the entry of the plea of guilty was the punishment to be inflicted. The court took the position that Carpenter's mental condition was likewise limited to the plea of guilty on May 22, 1961, and in that connection the sole test under Missouri law was whether he knew right from wrong. Repeatedly the court emphasized the fact of appellant's paid counsel and that "no one raised any question or expressed any doubt as to the sanity of the defendant to stand trial or to plead guilty." There were two expert witnesses to Carpenter's mental condition and the court, as was its prerogative, "considered that Dr. Satterfield's opinion testimony was more worthy of acceptability than was Dr.

Finn's testimony." This is not to criticize the court's finding on this score, nor is it necessary here to indicate just what testimony should be adduced or finding made. It should be noted however that Dr. Satterfield's testimony standing alone is equivocal and at best only tenuously supports the essential issue involved in this proceeding. Neither is this to say that any of the matters noted are not of some weight, albeit several of the matters emphasized by the court were plainly rejected in the leading and controlling case of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. The court, incidentally, had Pate v. Robinson before it but distinguished the case on its facts and therefore did not conduct this hearing within its guidelines. The short of the matter is that the court did not conduct a Pate v. Robinson hearing and the cause is necessarily reversed and remanded for that purpose. In addition to Pate v. Robinson the hearing should be conducted in the light of Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L. Ed.2d 429; Taylor v. United States, 282 F.2d 16, 8 Cir.; Brizendine v. Swenson, 302 F.Supp. 1011; Rhay v. White, 385 F. 2d 883, 9 Cir.; Lee v. Alabama, 386 F.2d 97, 5 Cir.; and Clark v. Beto, 415 F.2d 71, 5 Cir. Also significant are Noble v. Sigler, 351 F.2d 673, 8 Cir.; and Hawks v. Peyton, 370 F.2d 123, 4 Cir., in which the courts of appeal held that findings of capacity were supported.

For the reason indicated the cause is reversed and remanded for a proceeding and hearing consistent with this opinion.

STOCKARD and PRITCHARD, CC. concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., MORGAN, J., and YEAMAN, Special Judge, concur.

FINCH, J., not sitting.