**Jack Virgil CAFFEY, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55535.**

Supreme Court of Missouri,
Division No. 1.

June 14, 1971.

Wm. Clark Kelly, Springfield, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made without an evidentiary hearing, overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M.R.

At a trial by jury defendant was convicted of burglary, second degree, and stealing and was sentenced by the court to imprisonment for terms of four and two years, respectively, the sentences to run consecutively. He appealed and this court affirmed. State v. Caffey, 404 S.W.2d 171. Thereafter, defendant filed a motion to vacate which was overruled after an evidentiary hearing. That ruling was also affirmed on appeal. Caffey v. State, Mo., 441 S.W.2d 681.

The grounds alleged in defendant's second motion to vacate are: "(a) Denial of right of confrontation of witnesses in violation of 6th and 14th Amendments; (b) denial of right to prepare defense in secret in violation of due process and equal protection clauses of 14th Amendment; (c) denial of the right to a full and fair evidentiary hearing on the issue set out in (a) above at the previous hearing under Rule 27.26 in violation of due process and equal protection clauses of the 14th Amendment; and (d) denial of the assistance of counsel under the 6th and 14th Amendments in connection with the grounds set out in (c) above." There are actually only two grounds, as (c) and (d) both relate to ground (a).

A portion of the factual statement on original appeal is quoted as follows:

"In the early morning hours of January 9, 1965, at about 12:30 a. m., the defendant was found crouched or hunkered down behind a desk in the cashier's office of the Teamsters Union Hall, Local 245, in Springfield, Missouri, by Carl Page and Bob Kirk, assistant business representative and organizer, respectively, of the Union. * * * Defendant is not a member of the local Union and had no authority to be in the building. One of them ordered the defendant to stand up with his hands above his head. While Page was using the telephone to call one of the officers of the Union, defendant attempted to escape. A scuffle ensued and he was subdued in the hallway by Page and Kirk. The police arrived within a few minutes and defendant was placed under arrest. He was searched and approximately $20 in currency and change, a pocket knife, a pair of gloves, and two hard-steel instruments later identified as capable of being used effectively as lockpicks were found on his person. * * *

"Detective Paul Jones of the Springfield Police Department testified that on Wednesday afternoon before the trial he took the two hard-steel instruments (found on defendant's person when arrested [and] identified, offered and received in evidence as state's exhibits A and B) out to Teamsters Hall and, along with others, watched a man from a local key service company take these instruments and with them unlock and then lock the north double doors of the Hall within a period of two minutes, all from outside the building.

"Leo Deulen, President of the local Teamsters Union, testified that he was present on Wednesday afternoon before trial day and, along with others, watched a man from a local key service company use these two instruments to unlock and lock the double doors on the north side of the Teamsters building." State v. Caffey, Mo., 404 S.W.2d 171, l. c. 174.

Upon this appeal defendant contends that "the trial court erred in refusing to appoint counsel to assist the appellant in presenting his motion to vacate in the trial court" and "in dismissing appellant's motion to vacate without conducting an evidentiary hearing for the reason that the motion raised issues of fact." At the outset of our consideration of these contentions it should be noted that the trial court is not required to hold a hearing on the motion if "the files and

records of the case conclusively show that the prisoner is entitled to no relief * * *." Rule 27.26(e). Also, that said rule further provides that "(d) the sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion," and "(c) the motion shall include every ground known to the prisoner for vacating, setting aside or correcting his conviction and sentence."

■ We have concluded that the trial court correctly ruled that the files, records, and prior decisions in this case conclusively show that defendant was not entitled to relief and therefore it did not err in refusing to appoint counsel or in failing to hold an evidentiary hearing.

■ The point relating to the denial of defendant's right to prepare his defense in secret cannot be entertained in this second 27.26 motion. This because it was known to defendant at the time he filed his first 27.26 motion and such was not included therein. Prior to the trial defendant had caused the circuit clerk to issue a subpoena duces tecum for production of the double doors from the building in question. Two days before trial the court quashed that subpoena. Defendant has attached to his motion an affidavit in which he asserts that in trying to justify the subpoena duces tecum his attorney was forced to reveal matters vital to his defense in the presence of the prosecuting attorney. Defendant's motion for new trial in the original case contains the following assignment: "That the court erred in requiring defendant, through his attorney at the hearing on the Motion for Subpoena Duces Tecum, to

disclose the purposes for which defendant desired the testimony of J. R. Caffey and the production in court of the double doors to the Teamsters Hall, because the disclosure forced defendant to disclose the theory of his defense prior to trial * * *." Since it conclusively appears that defendant knew of this point at the time the first motion was filed it cannot be considered on this motion.

■ The remaining grounds in the motion all relate to the admission of the testimony of two witnesses at the trial relating to their observation of a demonstration by a lock expert who had used the lockpicks taken from defendant and had unlocked and relocked the double doors in only two minutes. In admitting that testimony, defendant contends that the court denied him the right of confrontation and cross-examination in violation of his constitutional rights. The difficulty with defendant's position is that this precise constitutional question was raised on direct appeal and ruled adversely to him and therefore cannot be again raised in a 27.26 motion. We recently stated that "where an issue is raised and decided on direct appeal the defendant cannot obtain another review thereof in a 27.26 proceeding. * * * It will be noted that the rule provides that errors affecting constitutional rights may be raised even though such could have been raised on appeal. The purpose of that provision is to provide a review of constitutional issues where such were not reviewed on appeal." Gailes v. State, Mo.Sup., 454 S.W.2d 561, 563. Defendant raised this point in his first 27.26 motion and relief was denied because the matter had been reviewed on direct appeal.

Defendant attached an affidavit to his motion in which he attempts to state facts which he says will justify consideration of this ground in the second motion. In other words, he states that certain representations were made which caused him, and his attorney, to decide not to offer evidence on this point on the hearing of his first motion and hence the contention should be consid-

ered on the second motion. There is no merit in this effort to justify further consideration of the contention. The fact is that he did submit this point to the court on the hearing of his first motion upon the transcript of the evidence taken at the original trial. However, it makes no difference that defendant may have been caused not to offer additional evidence because it was not a proper matter to be considered on a 27.26 motion since, as stated, it had been fully considered and ruled on original appeal.

The judgment is affirmed.

All concur.