John Henry NEWMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 56846.

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

**4**

Glenn A. Burkart, Springfield, Court-Appointed Attorney for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Petitioner, on a plea of guilty to the offense of first degree robbery, was sentenced to seven years' imprisonment. This is an appeal from a denial of relief in a second 27.26 proceeding.

Petitioner was sentenced February 21, 1969. A previous 27.26 motion was withdrawn without a hearing by petitioner and his appointed counsel on October 22, 1969 after petitioner stated he had been misled by "jail lawyers." The present 27.26 motion was filed February 18, 1971 and was dismissed by the court on March 31, 1971, the order of dismissal stating: "The Court finds that previous motion under rule 27.26 filed in case No. 58185–1 did raise, or could have raised points 8(a), (b), (c) now alleged in this 27.26, V.A.M.R. motion in case No. 62946–1, and that the petitioner by virtue of Supreme Court Rule 27.26 (d), as a matter of law, is barred from raising these points." We affirm.

The previous motion stated the following grounds:

"(a) Movant's plea of guilty was entered involuantairy (sic), upon misapprehension and was coerced by promises.

"(b) Movant was denied effective representation of counsel at arraignment, plea and sentencing.

"(c) Movant was denied counsel when requested at all proceedings from arrest throughout his preliminary examination."

The first three grounds of the present motion were as follows:

"(a) The sentencing court failed to conduct a hearing on movant's competency prior to the acceptance of the guilty plea which violated Amendment XIV, United States Constitution, and made the judgment and sentence invalid.

"(b) The plea of guilty was equivocal and involuntary due to mental defects and disturbances of petitioner.

"(c) During the acceptance of the plea of guilty and sentencing the trial court failed to advise petitioner of the range of punishment and failed to determine that the petitioner was entering his plea voluntarily."

The order concerning the first motion was: "Movant asks leave to withdraw his petition 27.26 on grounds that it has no merit. Record made. Court permits withdrawal of petition subject to order that Movant may not file a new motion alleging same allegations, unless based on information not now known to the Movant."

Rule 27.26(d) provides: "The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application *or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule*. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." (Emphasis ours.)

The purpose of this Rule is to prevent successive motions on grounds known at the time of filing a first motion although such grounds were not raised in the first motion. It is intended to apply whether or not the first motion is decided adversely to the petitioner, withdrawn or dismissed, because Rule 27.26(c) says: "The motion shall include every ground known to the prisoner." See Caffey v. State, Mo.Sup., 467 S.W.2d 857, 859.

Grounds (a) and (b) of the present motion may not be entirely the same as those raised on the previous withdrawn motion as argued by the State and ground (c) is partly new. However, petitioner made no allegation nor any offer of proof to establish that all of these grounds could not have been raised by him in his prior motion. Apparently petitioner's principal claim to have information not known to him, which should give him the right to a new hearing in accordance with the court's order permitting him to withdraw his previous petition, is based on his interpretation of the law rather than any new information about facts. His claim is that because petitioner was once adjudicated by the Probate Court to have a psychiatric disease impairing his mental health that such adjudication gives rise to a presumption of continued mental incapacity which is prospective in its application from the date of the adjudication, citing Schuler v. Schuler, Mo.App., 290 S.W.2d 192; and Simmons v. United States, U.S.C.A. 8th, 253 F.2d 909; Carpenter v. State, Mo.Sup., 449 S.W.2d 584; Taylor v. United States, U.S.C.A. 8th, 282 F.2d 16. Petitioner says because of this adjudication he must still be presumed to be suffering from mental illness so that he could not have had the capacity to understand the proceedings against him or to assist in his defense.

Schuler holds there is no presumption from an adjudication of incompetency that the person had been incompetent prior to that time. It had nothing to do with a determination of competency on a later examination. In Carpenter, we held it was erroneous to limit the sole test of petitioner's sanity to "whether he knew right from wrong." Neither case involved proceedings under Chapter 552, RSMo 1969, V.A.M.S. In Simmons and Taylor, there had not been examinations to determine competency before trial. The difficulty with petitioner's position here is that his claim of mental incapacity was known to him, his counsel and the court before his plea of guilty; and an examination to determine it was ordered by and reported to the court before his plea was accepted. The records concerning petitioner's condition and his commitment to mental institutions were seen by the psychiatrist appointed to examine him and were before the court with his report when petitioner's plea of guilty was made and accepted.

It appears that petitioner's mother came from Germany after World War II and while petitioner was a young boy she married a career soldier in the U. S. Army, who was stationed at Whiteman Air Force base. In September 1960, at a hearing when

petitioner was 12 years old, the Probate Court of Johnson County, Missouri, found him "suffering from a psychiatric or other disease which seriously impairs the mental health of the proposed patient" and ordered him committed to State Hospital No. 1 at Fulton. In 1962, petitioner was transferred to State Hospital No. 3 at Nevada, Missouri, another mental institution and was only released therefrom on May 1, 1967. Petitioner's stepfather resented him and apparently wanted to be rid of him. The robbery to which petitioner pled guilty was on November 23, 1968. After his release at Nevada petitioner was sent to a state school in Kansas City for training in mechanic's work but dropped out after four months and came to Springfield in October 1967. At the time of his arrest for first degree robbery he was on probation on a check charge and had a suspended sentence on a burglary charge. Petitioner claimed he had been drugged before the robbery by others who were with him then.

Section 552.020(2), RSMo 1969, V.A.M.S., provides for an examination to be ordered by a judge whenever he "has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed." Section 552.020(3) provides for a report of the psychiatric examination. Section 552.020(6) provides: "If neither the state nor the accused nor his counsel contests the opinion * * * relative to fitness to proceed, the court may make a determination and finding of record on the basis of the report filed or may hold a hearing on its own motion." On January 3, 1969, petitioner's attorney filed a motion for examination pursuant to § 552.-020. The examination was made and a report made to the court, after interview with petitioner and review of records received from State Hospital No. 3. The psychiatric recommendation was that petitioner "is able to discuss his involvement in the instant alleged offense and he is able to assist his attorney in his own defense." The report went into some detail about petitioner also stating: "He was alert and conscious throughout the exam-

ination" and "is fully oriented and speaks clearly, coherently and relevantly"; but stated an impression of "antisocial reaction." The court found: "Defendant is capable in assisting in his defense and has no mental illness or handicap which precludes him from understanding the charge, nor did he have such a condition as to preclude him from responsibility for his acts and conduct at the time of the alleged offense."

■ Petitioner relies on Brizendine v. Swenson, 302 F.Supp. 1011, and Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, citing also Carpenter v. State, Mo.Sup., 449 S.W.2d 584. In Brizendine and Carpenter there is no attempt to follow the procedure of § 552.020. In this case, the court did order a psychiatric examination and neither the State nor the accused nor his counsel contested the opinion of the psychiatrist. We recently said in McCormick v. State, Mo.Sup., 463 S.W.2d 789, 790: "V.A.M.S. § 552.020 requires only that the trial court *may* hold a hearing on the issue of competency to stand trial on its own motion, and *shall* hold a hearing when the psychiatric report is contested. In our opinion, the provisions of § 552.020 do not conflict with the prevailing federal standards." This view was followed in Collins v. State, Mo.Sup., 479 S.W.2d 470. See also Maggard v. State, Mo.Sup., 471 S.W.2d 161, 165; Jones v. State, Mo.Sup., 471 S.W.2d 223, 227. In McCormick, we cited Green v. United States, 128 U.S.App. D.C. 408, 389 F.2d 949, which found no error in failing to hold a hearing after a finding of competency given to the trial judge. In that case, the court said: "That law, which has two aspects, may be summarized as follows: (1) There is no error in foregoing a hearing 'in the absence of objection by the defendant and of any other circumstances which render the superintendent's opinion substantially suspect.' (2) Where there are circumstances that cast substantial suspicion on the superintendent's opinion, however, the trial judge must *sua sponte* hold a hearing."

In the Green case, as here, the defendant had previously been committed to a mental hospital. The court said (389 F.2d 1. c. 954) of the Pate case: "Pate simply has given 'constitutional proportions' to the denial of a judicial competency hearing not only when specifically requested or when a certification of competency is challenged, but now also when the particular facts of a given case *would make it an abuse of the trial judge's discretion* not to hold such further investigation by the court into the accused's mental capacity, despite a prior medical certification of competency." (Emphasis ours.) In the Green case, considering similar procedure, the Court affirmed the trial court's finding of voluntariness. In this case, the fact that, after the examination and report required by the court, petitioner and his lawyer entered a plea of guilty for him shows they did not contest the examining psychiatrist's finding of competency and did not request a further examination or a hearing by the court. The psychiatrist did not give the court his opinion until he had received the record of petitioner from the State Hospital. We cannot find that the facts of this case show an abuse of the trial court's discretion because a hearing was not ordered after receiving the report of the psychiatrist.

■ Ground 8(d) of petitioner's motion concerning longer sentence than imposed on other defendants who were with him when the offense was committed is not a matter to be considered on a 27.26 motion because his sentence was within the statutory limit, § 560.135, RSMo, V.A.M.S., which provides for "imprisonment in the penitentiary for not less than five years." See State v. Eckenfels, Mo.Sup., 316 S.W. 2d 532; State v. Brownridge, Mo.Sup., 459 S.W.2d 317; State v. McCaine, Mo.Sup., 460 S.W.2d 618.

Ground 8(e) concerned conditions in the penitentiary but petitioner's brief says that ground "is moot due to a change of prison conditions, so he does not want that ground further discussed on this appeal."

The order of dismissal is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and NORMILE, Special Judge, concur.

BARDGETT, J., not sitting.