**Bercia Lee BARBARICK, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57390.

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

James L. Barry, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

On September 6, 1966, Bercia Lee Barbarick appeared in the Cole County Circuit Court and entered a plea of guilty to a charge of murder in the first degree. He was sentenced to life imprisonment. On January 25, 1971, Barbarick filed a motion under Rule 27.26, V.A.M.R. to set aside his conviction and sentence. A hearing was held on the motion and relief denied. This appeal, filed October 18, 1971, followed.

On February 21, 1966, John Kiesling was found stabbed to death at a tavern near Jefferson City. On May 4, 1966, movant-appellant was arrested and charged with murder in the first degree in Kiesling's death. On May 17, 1966, appellant appeared in the Cole County Circuit Court for arraignment, without counsel, and announced that he wished to plead guilty to the charge. The court declined to accept the plea, stating: "Before I take a plea from you I want to be sure that you understand the nature of the crime and the consequences of entering a plea. * * * I don't believe we would be justified in going ahead in this case, in a case of this kind without a lawyer talking to you." The court stated that Mr. Forrest Carson would be appointed to represent the defendant.

On May 24, 1966, Mr. Carson appeared with appellant and entered a plea of not guilty by reason of mental defect under the provisions of § 552.030, RSMo 1969, V.A.M.S. Mr. Carson stated:

" * * * I have conferred with the defendant and I am convinced that the condition in fact, of this man is physically ill; that there is considerable doubt in my mind as to his mental capacity and I have discussed the question with Dr. Tanner and Dr. Menningrute of the University of Missouri Medical Center who treated the defendant over there a few months ago and he more or less confirmed the doubt that existed in my mind on that subject, and for that reason we wish to enter this plea."

The appellant was ordered to State Hospital No. 1 for examination in accordance with § 552.030, supra.

Appellant was admitted to State Hospital No. 1 on May 24. On August 11, 1966, two physicians at that institution made their report, which they captioned as a report of psychiatric examination "pursuant to the provisions of § 552.020 RSMo 1963, * * *." The psychiatric diagnosis was "Sociopathic Personality Disturbance, Alcoholism." The findings were:

"1) That the accused has no mental disease or defect within the meaning of Section 552.010.

"2) That the accused has the capacity to understand the proceedings against him and can assist in his own defense.

"3) That the accused did know and appreciate the nature, quality and wrongfulness of his conduct."

On September 6, 1966, appellant with Mr. Carson appeared in the Cole County Circuit Court. The prior plea of not guilty because of mental defect was withdrawn and a plea of guilty entered. The court pronounced sentence of life imprisonment.

Relief by way of a motion under Rule 27.26 was sought on the grounds of ineffective assistance of counsel, denial of due process and equal protection of the law in that the trial court in referring him for mental examination did not comply with § 552.045, RSMo 1969, V.A.M.S., and on the grounds that the plea was not knowingly and voluntarily made. After a hearing at which Carson, appellant and others testified, the trial court made findings adverse to the movant's claim and denied relief.

■ In this court, appellant's charge of ineffective assistance of counsel and involuntariness of his plea relate to the action taken regarding his mental status. He charges that both the trial judge and Mr. Carson were concerned about his fitness to proceed, but that instead of requesting an examination under § 552.020, RSMo 1969, V.A.M.S., which deals with fitness to proceed, the examination was requested under § 552.030, supra, dealing with mental capacity to commit the offense. Mr. Carson requested the examination after entering on behalf of the defendant a plea of not guilty by reason of mental defect. He testified on the 27.26 hearing that he never had any doubt that appellant understood the nature of the proceedings. The trial court did not express any doubt about the movant's mental capacity. He wanted to be certain that he received the advice and assistance of an attorney before accepting the plea. The ultimate answer to the contention that his attorney erroneously sought a mental examination under the wrong section and for the wrong purpose is the fact that the examination and report related to both fitness to proceed (§ 552.020) and responsibility at the time of the offense (§ 552.030).

Mr. Carson testified that he discussed the report of the psychiatric examination with movant. He testified that he was aware that he could have requested a hearing on the issue of fitness to proceed. Movant relies upon Mr. Carson's failure to demand such a hearing as evidencing his ineffective assistance. He also asserts that because the trial court took no action to ascertain his mental capacity before accepting his plea, the plea was involuntary. Appellant asserts that, under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815 (1966), the trial court was required to make such determination.

■ Pate v. Robinson, supra, does not require that, as a constitutional right, movant should have been accorded a hearing on the question of fitness to proceed. The psychiatric report found no lack of ability in that regard and the circumstances were not such as to require that a hearing be held. Jones v. Swenson, 469 F.2d 535 (8th Cir. 1972); Newman v. State, 481 S.W.2d 3 (Mo.1972).

■ Failure of the attorney to request a hearing was not due to ignorance of the law, as was the case in Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo. 1969), relied upon by appellant. Mr. Carson said he had no doubt that appellant was aware of the proceedings and that the psychiatric report showed him capable of assisting in his own defense. In these circumstances, failure to go further into that issue did not constitute denial of effective assistance of counsel.

■ Inasmuch as movant does not now allege that he did not knowingly and voluntarily enter his plea, but contends only that it should be held involuntary as a matter of law for failure of the trial court to inquire into his mental condition, the trial court's denial of relief on such ground was not erroneous.

■ The complaint that noncompliance with § 552.045, RSMo 1969, V.A.M.S., di-

recting that certain information be furnished the examining physician under Chapter 552 can somehow give rise to deprivation of a constitutional right, invalidating the plea of guilty, has no support. Here there was substantial compliance with § 552.045, supra. The fact that the prosecuting attorney and not the judge wrote the "appropriate preliminary letter" does not produce a noncompliance with the statute.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.