Gary Wayne HARKINS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9823.

Missouri Court of Appeals,
Springfield District.

March 12, 1975.

G. H. Terando, Hyde, Purcell, Wilhoit & Edmundson, Poplar Bluff, for movant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, III, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

The Circuit Court of Butler County found that appellant Gary Wayne Harkins had previously sought Rule 27.26, V.A.M.R., relief from his 25-year sentence for bank robbery and summarily denied his second motion to vacate the judgment and sentence. We affirm.

Appellant, represented by counsel, entered a plea of guilty to first degree robbery by means of a dangerous and deadly weapon on March 29, 1969. His initial Rule 27.26 motion was filed in February, 1970, and following appointment of counsel an evidentiary hearing was conducted. Findings, conclusions and judgment adverse to appellant were entered by the circuit court, and on appeal the judgment was affirmed. Harkins v. State, 494 S.W.2d 7 (Mo.1973).

The present motion was filed in August, 1974; and as grounds for relief the appellant alleged his plea was involuntary, the sentencing court failed to comply with Rule 25.04, original counsel was ineffective, counsel in his first motion to vacate was ineffective, and prison authorities had failed to properly credit his sentence. Thereafter, without appointment of counsel

or holding of an evidentiary hearing, the court found that appellant had previously filed a Rule 27.26 motion which had been finally determined and denied the instant motion.

Appellant assigns error by the trial court, contending that the grounds alleged in his second motion were not raised and determined in his prior motion and were not grounds that could have been raised in the first motion; that an evidentiary hearing should have been conducted on the allegations of his second motion; and that the court should have made findings of fact and conclusions of law on the issues presented by his latest motion.

Rule 27.26(d) provides: "The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

Rule 27.26(c) requires that the original motion shall include every ground known to the prisoner. Caffey v. State, 467 S.W.2d 857, 859 (Mo.1971).

■ The purpose of Rule 27.26(d), supra, is to prevent successive motions on grounds known at the time of filing a first motion although such grounds were not raised in the original motion. Newman v. State, 481 S.W.2d 3, 5 (Mo.1972). In this case the appellant seeks to avoid the prohibitory language of the rule by emphasizing that the grounds set forth in his second motion were not raised and determined adversely to him in his first motion. Ignored are the requirements that the grounds ad-

vanced in a second motion be new and could not have been raised in his original motion. Neither in his present motion nor in his brief filed herein has the appellant attempted to demonstrate the newness of the grounds or that they could not have been raised in his first motion.

The involuntary nature of appellant's plea, the noncompliance with Rule 25.04 by the sentencing court, and ineffective assistance of counsel are obviously not *new* grounds and, if factually supported, *could have* been advanced in appellant's first motion. Appellant is thus foreclosed from asserting these grounds in a second or successive motion. Rule 27.26(d).

Appellant's "ground" that his appointed counsel in his prior post-conviction proceeding was ineffective does not afford a basis for subsequent Rule 27.26 application. McCormick v. State, 502 S.W.2d 324 (Mo.1973); Williams v. State, 507 S.W.2d 664 (Mo.App.1974). Otherwise, "Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum." Williams v. State, supra, at 666.

The matter of whether or not prison authorities have properly credited appellant's sentence with time he has served in confinement after imposition of the sentence and prior to his being received at the Missouri Department of Corrections has been rendered moot by the Kansas City District of this court in Harkins v. Lauf, No. KCD26789, December 30, 1974. That court granted appellant's claim for declaratory relief and held he was entitled to thirty-one months credit on this 25-year sentence for time he spent in Federal custody.

The judgment is affirmed.

All concur.