**Steven Thomas FOERSTEL,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 37407.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 31, 1976.

Timothy A. Braun, Public Defender, St. Charles, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Ronald L. Boggs, Pros. Atty., St. Charles, for respondent.

CLEMENS, Presiding Judge.

Movant Foerstel appeals denial of his Rule 27.26 motion to vacate a judgment sentencing him to a twenty-five year term on his plea of guilty to forcible rape. He makes two related contentions: The court should have, sua sponte, held a competency hearing before accepting his guilty plea and

he was denied effective assistance of counsel by counsel's failure to request a competency hearing.

After an evidentiary hearing on movant's first contention, the court concluded it had not been required, sua sponte, to hold a competency hearing. We agree.

■ A psychiatric report stated the accused was free of mental disease or defect, was capable of understanding the nature of the proceedings against him and of assisting counsel in his defense. There is no evidence here of a challenge to the initial report certifying movant as competent to stand trial or of any circumstance casting doubt on the report's conclusions. Absent a specific challenge to the report, the court was not required, sua sponte, to hold a competency hearing unless circumstances cast suspicion on the report's conclusions. *Davis v. State*, 517 S.W.2d 97[2] (Mo.1974); *Newman v. State*, 481 S.W.2d 3[2] (Mo. 1972); § 552.020, Laws, 1975.

■ Relator now argues that a later medical examination made on the parties' stipulation cast doubt on his mental condition sufficient to require the court to conduct a hearing. Contrary to movant's contention, there is no indication this medical examination was related to defendant's mental competency. Movant had a hepatitis condition and we cannot conclude that medical examination was related to or cast doubt on his mental condition.

The transcript shows a knowledgeable awareness by movant as to the trial court's cautiously conducted guilty plea proceedings and shows his competence to assist counsel. We find no error in failing to hold a competency hearing.

■ Movant's second allegation charging ineffective assistance of counsel was denied without an evidentiary hearing. He contends counsel was ineffective because he failed to challenge the report certifying him as competent to stand trial. Since we have held the record is devoid of any bona fide doubt requiring a competency hearing, we cannot say counsel was ineffective in not demanding it.

We do not find the judgment clearly erroneous.

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.