Lesley Howard SPEIGHTS, Appellant,

v.

STATE of Missouri, Respondent.

No. 38627.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 6, 1977.

Bell, Wilson, Harris, Kirksey & Thomas, Henry Thomas, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, David L. Baylard, Asst. Attys. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant appeals the trial court's denial of his second Rule 27.26 motion alleging ineffective assistance of counsel. We affirm.

■ In his woefully deficient brief,[1] movant has raised two alleged points of error, asserting that he was denied effective assistance of counsel in the trial of his first degree robbery conviction, affirmed in *State v. Speights*, 478 S.W.2d 356 (Mo.1972), and on his initial 27.26 motion.

This is the second Rule 27.26 motion that movant has filed. On November 27, 1972, movant filed a motion alleging, among other things, that he was denied effective assistance of counsel at trial. During the evidentiary hearing on the first 27.26 motion and after the following testimony, movant voluntarily withdrew his complaint regarding his assistance of counsel:

"Q. Are you stating to the court that you were satisfied with Mr. Haw's [trial counsel] representation at the time you were at trial in January, 1971?

"A. Yes sir. I truthfully believe Mr. Haw did all he could.

\* \* \* \* \* \*

"Q. (By Mr. Horn) [Movant's first 27.26 hearing counsel] And, Mr. Speights, in regard to my representation, are you satisfied with the job I've done for you?

"A. Yes, I am.

"Q. Is there anything further that you think I could do to improve your situation or to further your cause?

"A. No.

\* \* \* \* \* \*

"Q. Mr. Speights, you have no complaints whatsoever with respect to Mr. Haw?

"A. That's correct."

There are at least four reasons for affirming the judgment, aside from the fact that movant's brief has failed to preserve anything for review:

■ 1. The movant's own testimony makes it manifest that there were no complaints as to his representation at trial or at his first 27.26 hearing and that no basis existed for a charge of ineffective assistance of counsel.

■ 2. This is a second 27.26 motion by defendant asserting ineffective assistance of counsel,—a matter specifically interdicted by Rule 27.26(d). *Cruz v. State*, 545 S.W.2d 717 (Mo.App.1977).

■ 3. Defendant, in this motion, is apparently attacking the effectiveness of his counsel on his first 27.26 motion—an avenue of judicial maneuvering not available for him; Rule 27.26 does not afford a basis for challenging effectiveness of counsel at a prior 27.26 proceeding. *Harkins v. State*, 521 S.W.2d 9 (Mo.App.1975).

■ 4. Inasmuch as defendant raised the issue of ineffective assistance of counsel in his first 27.26 motion, he may not resurrect it again on this subsequent motion, albeit that it was ultimately withdrawn, *Newman v. State*, 481 S.W.2d 3 (Mo.1972).

Judgment affirmed.

KELLY, P. J., and WEIER, J., concur.

---

1. For instance, the two alleged points of error read:

"The assistance of counsel was so ineffective as to deny appellant assistance of counsel and thereby deny appellant due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

"The Trial Court's endial [sic] of appellant's amended 27.26 motion of August 31, 1976 denied appellant due process of law." Neither point states what actions of the trial court are specifically sought to be reviewed, nor does either state why the trial court's ruling is erroneous. Each is a mere abstract statement in violation of Rule 84.04(d). *State v. Redd*, 550 S.W.2d 604 (Mo.App.1977).