Charles Dennis JOHNSON,
Movant-Defendant,

v.

STATE of Missouri,
Respondent-Plaintiff.

No. 39172.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 31, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Melba I. Parente, St. Louis, for movant-defendant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., St. Louis, for respondent-plaintiff.

McMILLIAN, Judge.

Appellant Charles Dennis Johnson appeals from a judgment of the Circuit Court of St. Louis County, Missouri, denying, without an evidentiary hearing, his second Rule 27.26, V.A.M.R., motion. For the reasons discussed below, we reverse and remand the motion for further consideration.

On September 17, 1973, appellant pled guilty to multiple counts of robbery in the first degree by means of a dangerous and deadly weapon and was sentenced to ten years' imprisonment. On December 1, 1975, appellant filed his first Rule 27.26 motion to vacate and reduce his sentence. As grounds for the motion appellant alleged only that each of his co-defendants had received a lesser sentence. This motion was filed *pro se*. The trial court denied the motion on January 13, 1976, finding that on the face of the record, appellant was not entitled to relief. Appellant did not appeal.

In February 16, 1977, appellant filed the present motion, his second Rule 27.26 motion, attacking his conviction on the grounds that he was mentally incompetent at the time of his guilty plea and that he had received ineffective assistance of counsel. The trial court summarily denied the second motion, finding, " . . . on the face of the record . . . wherein petitioner previously petitioned for relief under Supreme Court Rule 27.26, that petitioner is not entitled to relief." The trial court made no findings of fact or conclusions of law.

The state argues that the trial court did not err in denying appellant's second Rule 27.26 motion because the grounds alleged therein could have been raised in the first motion and there was no valid excuse for not doing so. We agree in principle with the state's argument. Rule 27.26(c) requires the motion to " . . . include every ground known to the prisoner for vacating, setting aside or correcting his convic-

tion and sentence." Rule 27.26(d) directs the sentencing court not to " . . . entertain a second or successive motion . . where the ground presented is new but could have been raised in the prior motion . . .." Rule 27.26(d) further provides that "[t]he burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion." See *e. g., Cooper v. State,* 520 S.W.2d 666 (Mo.App. 1975). Furthermore, appellant attempted to excuse his presentation of new grounds in a second motion because of lack of legal knowledge. "The bare allegation of 'lack of legal knowledge' will not authorize a finding that appellant could not have previously presented the new ground in his first 27.26 motion." *Jones v. State,* 521 S.W.2d 504, 506 (Mo.App.1975); see also *Grant v. State,* 486 S.W.2d 641 (Mo.1972); *Evans v. State,* 545 S.W.2d 674 (Mo.App.1976).

In our opinion, however, where the movant's first *pro se* Rule 27.26 motion has been summarily denied, the trial court should not summarily deny a second Rule 27.26 motion simply because the movant had filed the prior motion. This should be especially true where the movant has not been afforded the assistance of counsel and the possibility of amendment of the *pro se* motion as provided for by Rule 27.26(h). We distinguish cases like *Achter v. State,* 545 S.W.2d 83 (Mo.App.1976), in which the summary denial of a Rule 27.26 motion was held to equal findings and conclusions in opposition to the grounds set forth in the motion, making formal findings of fact and conclusions of law unnecessary. In this case, we believe the trial court's summary denial was based solely on the fact that there had been a prior Rule 27.26 motion. Therefore, we reverse and remand so that the trial court may consider the grounds presented and whether the movant has satisfied his burden of proof, Rule 27.26(c), (d), V.A.M.R. We do not reach the question of whether appellant should have been granted an evidentiary hearing.

Judgment reversed and remanded.

CLEMENS, P. J., and SMITH, J., concur.