Donald **BRAUCH**, Plaintiff-Appellant,

v.

**STATE of Missouri,**
**Defendant-Respondent.**

No. 42758.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1981.

William F. Brighoff, Troy, for plaintiff-appellant.

John Ashcroft, Atty. Gen., S. Francois Baldwin, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SNYDER, Judge.

Movant appeals from the judgment dismissing his second Rule 27.26 motion. The gravamen of the appeal is whether the trial court's order sufficiently complies with the decision in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), which requires the trial court to make specific findings of fact and conclusions of law when ruling upon post-conviction motions.

Movant complains specifically that the trial court failed to make specific findings of fact and conclusions of law and dismissed the motion solely because it was the second Rule 27.26 motion and thus automatically barred. The point is meritorious and the cause is reversed and remanded.

Movant was convicted of murder in the first degree and sentenced to life imprisonment on June 6, 1974. The judgment was affirmed on appeal, *State v. Brauch*, 529 S.W.2d 926 (Mo. App. 1975). His first Rule 27.26 motion was filed on November 18, 1976 and summarily denied without an evidentiary hearing on November 23, 1977. A motion to set aside the judgment denying the 27.26 motion was filed on December 23, 1977 and denied on April 27, 1978.

The second Rule 27.26 motion was filed on June 13, 1979. The state filed a motion to dismiss which was granted by the trial court from the bench after oral argument "for the reasons set forth by counsel for the State in both of (sic) his original opening statement as well as his rebuttal statement." The court requested counsel to prepare the memorandum order, and a formal order was entered granting the state's motion to dismiss "for the reasons stated in the States (sic) motion to dismiss." The reason given in the state's motion was "under the law of the State of Missouri the defendant is entitled to a filing and ruling on of (sic) one Motion under Rule 27.26."

Specific findings of fact and conclusions of law have been required in Rule 27.26 proceedings since the Missouri Supreme Court's opinion in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978). In *Fields*, on page 483[2, 3] the supreme court said, "Nor will findings and conclusions be supplied by implication from the trial court's ruling. Specific findings and conclusions are contemplated and required."

This court would be supplying findings of fact and conclusions of law by implication if it were to affirm on the basis of the trial court's reference to the reasons given by the state in its motion to dismiss and in the state's oral argument in support of the motion to dismiss. *See also Turnbough v. State*, 574 S.W.2d 400 (Mo. banc 1978) and *Carns v. State*, 598 S.W.2d 157 (Mo. App. 1980).

The cause is reversed and remanded for specific findings of fact and conclusions of law.

CRIST, P.J., and REINHARD, J., concur.