STATE of Missouri, Respondent,

v.

Robert LEWIS, a/k/a Stanley Johnson, Appellant.

No. 44312.

Missouri Court of Appeals, Eastern District, Division Three.

May 11, 1982.

Motion for Rehearing and/or Transfer Denied June 18, 1982.

Application to Transfer Denied Sept. 13, 1982.

Joseph W. Downey, Public Defender, Richard Burke, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

A jury convicted appellant (hereafter defendant) of burglary in the second degree, § 569.170.–1, RSMo.1978, and he was sentenced as a persistent offender to thirteen years' imprisonment. Neither of his two points on appeal was preserved for appellate review, and we affirm.

In March, 1980, one of the victim's neighbors watched defendant and another man park their car at the victim's driveway, remove a tool from the car trunk, and walk to the rear of the victim's home and disappear down the cellar hole. Knowing the victim wasn't at home, the neighbor called the police. The responding officers entered the victim's house and found defendant in an upstairs bedroom closet. The police found the other man under the bed with the victim's jewelry and watches in his pocket.

Defendant first assigns error to the state's verdict-directing instruction, a modification of MAI–CR2d 23.52 by MAI–CR2d 2.12 (as proposed on April 14, 1981, and rescinded on February 16, 1982). Defendant contends the instruction's wording would permit his conviction even if only his accomplice had the required culpable mental state. However, defendant's objection to the instruction in his motion for a new trial asserted only a lack of evidence of the conduct required to convict him of burglary. As in *State v. Murry*, 580 S.W.2d 555, 556

(Mo.App.1979), defendant's specific objection to the wording of the instruction was not raised either at the trial or in his motion for a new trial, and thus yielded no ruling amenable to appellate review. *And see: State v. Martin*, 620 S.W.2d 54, 55 (Mo.App. 1981).

 Defendant also assigns error to testimony during the state's case that the absence of fingerprints at the scene of the burglary was not an "unusual circumstance." Defendant argues in his brief that the testimony was prejudicial in that it sought "to conjure up in the juror's minds pictures of [defendant's] purposeful stealth" and "deliberate cunning." Again, however, his objection at trial when the evidence was offered was that the testimony "call[s] for a conclusion, [is] not probative, [and] requires something beyond the scope of this case." The Supreme Court has held repeatedly that points on appeal assigning trial error to rulings on evidence, arguments, and statements of counsel must be based on timely objections and on the reasons therefor stated at the time the objections are made. *See, e.g.: State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974); *State v. Brookshire*, 353 S.W.2d 681, 688 (Mo.1962); *State v. Lindsey*, 80 S.W.2d 123, 125 (Mo.1935). Defendant's point on appeal does not rest on the same ground as his objection in the trial court, and presents nothing we may properly review.

Though not requested to do so, we reviewed the record for the kind of plain error compelling relief under Rule 30.20, and found none. The evidence of defendant's guilt was both ample and convincing. He has not suffered manifest injustice, nor is he the victim of a miscarriage of justice.

The judgment is affirmed.

REINHARD, P. J., and SNYDER, J., concur.