**Robert LEWIS, A/K/A Stanley Johnson, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49741.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 1985.

Application to Transfer Denied Dec. 17, 1985.

Dave Hemingway, Jane B. Phillips, Sp. Public Defenders, St. Louis, for movant-appellant.

William Webster, Atty. Gen., Jefferson City, Garrett Randall, Asst. Cir. Atty., St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

Movant appeals from an order of the Circuit Court of the City of St. Louis dismissing his second Rule 27.26 motion. We reverse and remand.

On March 13, 1981, the jury found the movant guilty of burglary second degree. On April 24, 1981, movant's motion for a new trial was denied and he was sentenced by the trial court to thirteen years imprisonment. This judgment was affirmed on appeal. *State v. Lewis*, 637 S.W.2d 93 (Mo. App.1982).

On July 9, 1981, while his direct appeal was still pending, the movant untimely filed his first Rule 27.26 motion. The trial court dismissed this motion without a hearing as premature due to the pending appeal according to Rule 27.26(b)(2).

He subsequently filed a *pro se* motion on March 26, 1983. Thereafter, an attorney of the Special Public Defender's Office was appointed to represent the movant and an evidentiary hearing was set for December 20, 1983. In this motion, the movant alleged that his trial counsel had permitted the prosecutor a "field day" during his trial, that the trial court had misinterpreted a verbal indiscretion directed toward the deputy sheriff in the courtroom, and that the trial court had unconstitutionally removed the movant from the courtroom during the closing phases of his trial. His motion was nearly unintelligible, full of grammatical errors, and reflected no active participation or advice of his appointed counsel.

On the day of the hearing, the movant and his attorney were present but instead of presenting evidence, the movant filed a memorandum withdrawing his Rule 27.26 motion. The record only discloses that the trial court accepted his withdrawal.[1] This motion's withdrawal was apparently unconditional and the reasons for its withdrawal cannot be found in the record. We do not know whether it was with prejudice nor do

we know whether the movant's appointed counsel attempted to communicate with the movant in order to amend his *pro se* motion to establish facts in a "lawyer like fashion" to support all his claims for relief under Rule 27.26. *See Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978); Rule 27.-26(h).

On February 3, 1984, the movant filed the instant motion. This motion was also *pro se* and reflected the assistance of a "legal consultant." In addition to realleging the contention that the trial court erred in removing the movant from the courtroom, the movant also raised ineffective assistance of counsel on the ground that his trial counsel failed to preserve trial errors for his direct appeal. On May 16, 1984, the state filed a motion to dismiss which was sustained by the trial court on January 7, 1985. The court's dismissal order simply stated: "State's Motion to Dismiss is hereby sustained, 481 S.W.2d 3 (Mo.1972)."[2]

On appeal, the movant contends the trial court failed to make specific findings of fact and conclusions of law. The movant further contends the trial court's dismissal was based solely on the fact that he had previously filed an earlier Rule 27.26 motion, albeit one which was ultimately withdrawn. We agree.

Rule 27.26(i) requires that "[t]he court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." A mere recital or statement that the motion, files, and records conclusively show that the movant is entitled to no relief is not sufficient. *Fields*, 572 S.W.2d at 483. Specific findings and conclusions are contemplated and required. *Id.* At no time, may findings and conclusions be supplied by implication from the trial court's ruling. *Id.* These requirements must be met even where the trial court sustains a state's

---

1. The state contends the trial court's acceptance of the withdrawal constituted an order dismissing the motion. This conclusion is not supported by the sparse record before us.

2. The cited case is *Newman v. State.*

motion to dismiss a Rule 27.26 motion. *Tammons v. State*, 686 S.W.2d 552, 553 (Mo.App.1985).

■ In the present case, the trial court's order sustaining the state's motion to dismiss did not comply with the requirements of Rule 27.26(i) nor did it permit this court the opportunity for meaningful appellate review.[3] *Fields*, 572 S.W.2d at 483; *McCoy v. State*, 610 S.W.2d 708, 709 (Mo. App. banc 1981). Nowhere in its order did the trial court clearly articulate the basis for its ruling nor did it directly address any of the contentions raised in the movant's motion. The order itself was merely a bald statement that the state's motion to dismiss was sustained. We would be supplying findings of fact and conclusions of law by implication if we were to affirm on the basis of the trial court's reference to the title page of *Newman v. State*. *Brauch v. State*, 611 S.W.2d 406, 407 (Mo.App.1981).

In reaching this result, we are not unmindful of the state's argument that Rule 27.26(d) precludes consideration of the movant's second motion which contained grounds he alleged or could have alleged in his prior Rule 27.26 motion. Rule 27.26(d) provides:

> The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

We also note our Supreme Court's observation in *Newman*, the case cited in the trial court's dismissal order, that this rule is to apply whether or not the first motion was decided adversely to the movant, with-

drawn, or dismissed. 481 S.W.2d at 5. In order to present a ground not previously presented in a prior Rule 27.26 motion, the movant must allege more than "lack of legal knowledge" as an explanation for his failure to raise the ground in the earlier motion. *Jones v. State*, 521 S.W.2d 504, 506 (Mo.App.1975).

■ We, nevertheless, hold where the movant's first *pro se* Rule 27.26 motion has been withdrawn without a record or a finding that the earlier motion was without merit, the trial court should not summarily deny a second Rule 27.26 motion simply because the movant filed an earlier motion. This is particularly true where, as in the present case, the movant's prior motion was *pro se* and the record failed to disclose whether he was afforded the opportunity to amend his earlier *pro se* motion as provided for by Rule 27.26(h) and suggested by our Supreme Court in *Fields*, 572 S.W.2d at 483. *See Johnson v. State*, 564 S.W.2d 266, 267 (1978) (The court of appeals held that the trial court should not have summarily dismissed the movant's second motion simply because the movant had filed a prior motion, especially where the movant's first motion was filed *pro se* without the assistance of counsel and the opportunity to amend.) Accordingly, we reverse and remand so that the trial court may consider the grounds presented in the movant's second Rule 27.26 motion and determine whether the movant satisfied his burden of proof under Rule 27.26(c), (d).

This cause is reversed and remanded for specific findings of fact and conclusions of law.

CARL R. GAERTNER, J., dissents with separate opinion.

KAROHL, J., concurs in separate opinion.

CARL R. GAERTNER, Judge, dissenting.

I respectfully dissent. Successive motions under Rule 27.26 are prohibited

---

**3.** *See Huffman v. State*, 668 S.W.2d 255, 256 (Mo.App.1984), for examples of cases requiring reversal and remand because of insufficient findings and conclusions made by trial courts on Rule 27.26 motions.

"whether or not the first motion is decided adversely to petitioner, *withdrawn* or dismissed, because Rule 27.26(c) says " 'the motion shall include every ground known to the prisoner.' *See Caffey v. State*, Mo. Sup., 467 S.W.2d 857, 859." (emphasis added). *Newman v. State*, 481 S.W.2d 3, 5 (Mo.1972). The explicit reference to this decision of the Missouri Supreme Court by the trial judge herein was tantamount to a finding, patent on the face of the petition, that no ground for relief asserted therein could not have been raised in the first motion. Because his sole complaint relates to the alleged failure of his trial counsel to preserve claimed trial errors for appellate review, it is obvious petitioner had knowledge of these matters at the time he filed his first motion. Moreover, on his direct appeal we gratuitously reviewed the record and found no manifest injustice or miscarriage of justice. *State v. Lewis*, 637 S.W.2d 93, 94 (Mo.App.1982).

It seems to me that to remand this cause for the sole purpose of compelling the trial judge to state in a more formal manner that which is obvious from the face of the pleadings and which she has already stated in a less technical form is an unnecessary imposition of "make-work" upon an already overburdened trial court.

Therefore, I dissent.

KAROHL, Judge, concurring.

I concur in the decision to reverse and remand because I find the record in this case fails to disclose that movant had a meaningful post-conviction review under Rule 27.26.

The original Rule 27.26 motion was a nullity. The first timely 27.26 motion was filed pro se and no amendment by appointed counsel was made although there is an indication in the direct appeal decision of this court that an amendment was in order. The pro se motion attempts to describe a number of defects during the trial including failure of counsel to advise and effectively represent defendant. It is rambling and contains a number of grammatical errors. The issues which may be included in

the motion are jumbled so that the questions of fact and law which may have been intended are nearly impossible to decipher. It is difficult to imagine how there could have been a meaningful hearing on the pro se motion before it was withdrawn. This is in stark contrast to *Caffey v. State*, 467 S.W.2d 857 (Mo.1971); *Newman v. State*, 481 S.W.2d 3 (Mo.1972); and *Speights v. State*, 556 S.W.2d 213 (Mo.App.1977). In the *Caffey* case the supreme court affirmed a dismissal because files, records and prior decisions in the case (on direct appeal and the appeal from the first 27.26 motion) conclusively showed defendant was not entitled relief, and therefore, no error occurred. In *Newman* the dismissal memorandum signed by movant and counsel itself recites there was a record made and the first 27.26 motion was based on grounds without merit. Further, the *Newman* dismissal was expressly "subject to [an] order that Movant may not file a new motion alleging same allegations, unless based on information not known to the Movant." 481 S.W.2d at 5. The *Newman* opinion makes reference to a prohibition against successive motions under Rule 27.-26 decided adversely or withdrawn or dismissed. This language presents no problem if it can be discerned that the first motion was a meaningful review and reference to the dismissal memorandum reciting that there was no merit in the first motion satisfies that requirement. In *Speights* this court had a testimonial record in the first 27.26 proceeding wherein movant testified the grounds stated in the first motion were without merit. The first motion was dismissed after this testimony.

In contrast there are cases of the supreme court and this court which indicate that a meaningful Rule 27.26 hearing, on the merits or by withdrawal, must be discernable from the record. In *Veneri v. State*, 474 S.W.2d 833 (Mo.1971) the supreme court commented on *State v. Moreland*, 351 S.W.2d 33 (Mo.1961) as follows,

In *Moreland*, the petitioner had not received that to which he is entitled—an evidentiary hearing—and it was to recti-

fy that error that this court reversed and ordered a hearing. Here, appellants had their evidentiary hearing on their first motion and findings of fact were made and judgments entered. In these circumstances, *State v. Moreland*, supra, does not necessarily require the trial court to hold an evidentiary hearing on the second motion.

474 S.W.2d at 837. The court then proceeded to separately decide the merits of the appeal of the first motion and the second motion. It affirmed the denial of relief on both motions. By implication the supreme court recognized that the second motion was not interdicted by the first.

In *Warren v. State*, 473 S.W.2d 427 (Mo. 1971) the supreme court reversed and remanded a case involving an appeal from a second 27.26 motion. The trial court dismissed solely on the ground that the attempted second motion was unauthorized. The supreme court quoted Rule 27.26(d) and said:

> This provision of Rule 27.26 recognizes that a defendant is not limited to a single application for relief under Rule 27.26. The trial court was obliged to consider the second application of movant in light of 27.26(d). *Insofar as the record here shows*, the trial court did not do so but dismissed the second motion on the grounds that it asked for similar relief as the first motion. *This is not a proper basis for refusal of the second motion.* In view of the nature of the review in this court, the cause must be remanded to the trial court with directions to consider the motion in light of Rule 27.26(d) insofar as it permits movant to explain the reason for the second motion. Any disposition of the motion upon reconsideration should also take into consideration the requirement of 27.26(i): 'The court shall make findings of fact and conclusions of law on all issues presented whether or not a hearing is held.' (emphasis ours)

473 S.W.2d at 428–429.

*Johnson v. State*, 564 S.W.2d 266 (Mo. App.1978) was decided by this court after our opinion in *Speights*. The facts in the *Johnson* case are similar to our present facts. In *Johnson*, movant filed a pro se motion for relief under Rule 27.26. The motion was denied on a finding that on the face of the record, appellant was not entitled to relief. Movant *Johnson* filed a second motion which was denied without an evidentiary hearing. We reversed and remanded. The first motion merely alleged co-defendants had received a lesser sentence. The second motion alleged mental incompetence at the time of his guilty plea and ineffective assistance of counsel. In *Johnson*, we held: "Where the movant's first pro se Rule 27.26 motion has been summarily denied, the trial court should not summarily deny a second Rule 27.26 motion simply because the movant had filed the prior motion. This should be especially true where the movant has not been afforded the assistance of counsel and the possibility of amendment of the pro se motion as provided for by Rule 27.26(h)."

In *Brauch v. State*, 611 S.W.2d 406 (Mo. App.1981), we reversed and remanded for specific findings of fact and conclusions of law in a second 27.26 motion. This decision relied entirely on the requirements of *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

I summarize all these cases to hold a movant is entitled to one meaningful 27.26 review. A withdrawal of an original 27.26 motion will not constitute such review unless there is a record from which it may be found movant had the benefit of active counsel and the first motion was without merit. A trial court can make such a record if in its discretion it permits a withdrawal or dismissal. This was done in *Newman* and had the effect of an adverse decision. In the present case, there is no record to indicate the withdrawal was, in the same manner, an adverse decision. Because the pro se pleading was so deficient it appears in the first motion there was neither active participation of counsel nor a pleading on which a meaningful 27.26 review could have been held. As a result it cannot be determined from the record that

movant received active participation of counsel, adequate pleading to present issues, a withdrawal which could be found to be adverse, or findings of fact and conclusions of law.

As long as Rule 27.26 post-conviction relief remains the law, defendants should be entitled to the protection they are given by the rule and to have one meaningful review and there must be a record from which it can be found that such review has been granted. For these reasons I concur.