Kenneth CAWTHON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31025.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

As Modified On Court's Own
Motion March 2, 1981.

Application to Transfer Denied
May 11, 1981.

Fred L. Slough of Wells, Eisberg, Slough & Connealy, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Michael A. Scearce, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment dismissing a motion seeking post–conviction relief pursuant to Rule 27.26. The judgment is affirmed.

Appellant presents one point of error, which in summary alleges that the trial court erred in dismissing appellant's motion and that it was without jurisdiction to do so because appellant had previously entered his voluntary dismissal of said motion pursuant to Rule 67.01; that appellant has been denied an evidentiary hearing on the merits as a result of the dismissal and that the court's action amounted to a suspension of the writ of habeas corpus denying appel-

lant relief as broad as common law habeas corpus.

■ Review of this matter is limited to the determination of whether or not the judgment was clearly erroneous, see *Barker v. State*, 505 S.W.2d 448, 449 (Mo.App.1974); *Brame v. State*, 597 S.W.2d 665, 668 (Mo. App.1980); *Friends v. State*, 599 S.W.2d 80, 81 (Mo.App.1980) and *Burroughs v. State*, 590 S.W.2d 695, 697 (Mo.App.1979).

Appellant entered guilty pleas to two charges of burglary, 2nd degree and two charges of stealing. The pleas were entered at different times, and sentencing was affixed. Appellant then filed a 27.26 motion pro se, alleging such to be his first such motion, and alleging the following grounds in support of his motion:

"(a) It is felt that there was insufficient representation on the attorney's behalf

(b) Thru [sic] misrepresentation, it is felt that a reduction in sentence is warranted."

In his pro se motion, appellant failed to list any alleged facts upon which his allegations set forth under (a) and (b) above were premised.

At this juncture, appellant's motion, on its face, fails to state essential facts and fails to show any alleged defect to establish the alleged illegality of the proceedings against him; thus, appellant's motion and this appeal are potentially subject to dismissal upon such failure, see *State v. Turner*, 353 S.W.2d 602 (Mo.1962); *Wallace v. State*, 556 S.W.2d 471 (Mo.App.1977); *Burnley v. State*, 518 S.W.2d 314 (Mo.App.1975); *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Gaye v. State*, 576 S.W.2d 554 (Mo.App.1978); *Ingram v. State*, 572 S.W.2d 630 (Mo.App.1978); *Jackson v. State*, 558 S.W.2d 816 (Mo.App.1977); *Cox v. State*, 578 S.W.2d 54 (Mo.App.1978); *Wallace v. State*, 581 S.W.2d 434 (Mo.App. 1979) and *Sullivan v. State*, 584 S.W.2d 605 (Mo.App.1979).

This court, however, because of the uniqueness of the proposed question, will undertake disposition of this appeal on the alleged error presented.

Subsequent to appellant's motion, the circuit court appointed counsel for appellant. The court ordered that the motion be amended and set a date for hearing upon the motion. At the prescribed time and upon the date set, appellant, with counsel, appeared in court. At the hearing, the circuit judge pointed out the deficiency of the motion, and the record establishes that both appellant and his counsel were aware of the deficiency. The record further reveals that appellant had ample opportunity to confer with counsel and to review the transcript of his plea proceedings.

When the court conferred with appellant and his counsel about the amending of the motion, counsel for appellant presented a motion to voluntarily dismiss the motion pursuant to Rule 67.01. At this juncture, the circuit judge inquired of appellant and counsel regarding the amending of the motion, and repeatedly appellant and counsel informed the court of their inability to establish facts to support appellant's allegation of ineffective assistance of trial counsel.

The court then advised appellant and counsel that it would continue the matter to permit further opportunity to amend, but upon failure to do so, the court would dismiss the motion with prejudice. Appellant elected to stand on his motion for voluntary dismissal and this appeal followed.

Reduced to its simplest form, appellant's alleged error contends that the dismissal of his motion resulted in a denial of an evidentiary hearing, thus denying appellant relief as broad as common law habeas corpus, and that Rule 67.01 is applicable to motions 27.26, entitling appellant to a voluntary dismissal of his motion.

Regarding the first portion of appellant's alleged error and his argument in support thereof, it is premised upon the assumption that as a matter of right, appellant is entitled to an evidentiary hearing and refusal to grant such a hearing is tantamount to a suspension of the writ of habeas corpus, the resulting effect being that appellant was not afforded comparable protection as he would have under common law writ of habeas corpus.

While our courts have gone to great lengths to assure that an accused is afforded the right to a constitutionally fair trial, an evidentiary hearing is not mandatory and may be denied by the circuit court if an accused, with assistance of counsel, is unable to amend his motion in such a way as to establish a factual basis for his or her claimed relief, see *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), where at 483, our State Supreme Court declared:

"* * * [t]his will result in counsel being appointed after an indigent movant files a *pro se* motion under rule 27.26. Such counsel, after sufficient communication with movant, will have the opportunity and obligation to amend the motion to state factually in lawyerlike fashion the basis for all claims for relief under rule 27.26 which movant claims to have. After that has been done, *the trial court will proceed to the third step of determining whether, on the basis of the amended motion, an evidentiary hearing is required* * * *"

Appellant's argument is premised upon the conclusion that an evidentiary hearing is mandatory (see *Fields v. State, supra*, which dispels appellant's argument) and, further, that dismissal of his motion "with prejudice" results in the suspension of the writ of habeas corpus, which is in violation of appellant's constitutional rights.

Appellant contends that Rule 67.01 of our Rules of Civil Procedure is applicable to motions pursuant to Rule 27.26. Appellant's argument is lodged upon that portion of Rule 27.26(a), which states, "The procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable." In his argument, appellant contends, by the language under Rule 27.26(a), that he had the right under Rule 67.01 to voluntarily dismiss his motion.

Appellant's argument must fail. The last portion of Rule 27.26(a) has limiting language regarding the application of our Rules of Civil Procedure in 27.26 proceedings. The precise applicable wording is "*in-*

*sofar as applicable*". In proceedings under Rule 27.26, Rule 27.26 must, of necessity, take precedence over all other Rules of Civil Procedure.

■ Rule 27.26 sets forth, with particularity, the requirements in seeking post–conviction relief. One factor implicit in the rule is the prohibition against successive motions upon any grounds which the accused should have or could have previously presented, and the burden is upon the movant to present such grounds, *Newman v. State*, 481 S.W.2d 3 (Mo.1972) and *Brown v. State*, 581 S.W.2d 407 (Mo.App.1979). See also *Speights v. State*, 556 S.W.2d 213 (Mo. App.1977), a case holding successive motion was barred because it was based upon the same allegations in the first motion voluntarily withdrawn. That the requirements of Rule 27.26(c) and (d) have been upheld, see *Wilwording v. Swenson*, 394 F.Supp. 76 (W.D.Mo.1973), affirmed 505 F.2d 735 (8th Cir. 1974).

With the foregoing in mind, the particulars of the instant proceeding should be restated. Appellant filed his pro se motion. Counsel was appointed on his behalf and order was made to amend the motion. It cannot be contended that at its inception the pro se motion met the requirements of Rule 27.26 because of the absence of alleged facts to support the conclusions of ineffective assistance of counsel. Sufficient time and opportunity were afforded appellant and counsel to amend the motion and both appellant and counsel advised the court of their inability to set forth facts to establish any basis for appellant's conclusions of ineffective assistance of counsel.

When the circuit court was confronted with this, the court dismissed appellant's motion. Appellant contends the circuit court was without jurisdiction to dismiss appellant's motion for lack of jurisdiction because prior to the court's dismissal, appellant had entered his voluntary dismissal pursuant to Rule 67.01.

■ *Fields v. State, supra*, announces the rule regarding the appointment of counsel. This court concludes that from the time of appointment of counsel and subsequent thereto, Rule 67.01 has no applicability in a 27.26 proceeding. The reasoning in holding that Rule 67.01 has no applicability in a 27.26 proceeding once counsel has been appointed is twofold. Pursuant to *Fields v. State, supra*, upon motion counsel is appointed, movant is permitted to confer with counsel and to freely amend the motion. If the court determines an evidentiary hearing is required, a series of events are set in motion. The court is required to provide the forum and allocate time for the hearing. The state, as the opposing party, must prepare to meet the allegations of the motion. The state must provide transportation and other accommodations relative to the appropriate venue. There must be an opportunity for extended conference between movant and counsel, if warranted. The remaining reason is that to permit such dismissal subsequent to appointment of counsel would fail to comport with a cardinal principle announced in *Fields v. State, supra*, which is *finality* and expressed by our State Supreme Court thusly,

"Finality is a central aspect of rule 27.26. If a meritorious collateral claim exists, the rule is designed to bring it to the fore promptly and cogently. *No one, least of all prisoners, stand to gain from a prolonged, cumbersome, repetitive post-conviction process." Fields, supra*, at 483 (emphasis added)

■ In the instant case, because Rule 67.01 is found to be inapplicable, the circuit court retained jurisdiction over these proceedings and, under the particular facts and circumstances of these proceedings, was possessed with authority to dismiss appellant's motion upon appellant's failure to amend his motion.

The matter which remains for disposition is whether the circuit court's dismissal of appellant's motion "with prejudice" in reality had any substantive effect upon appellant's rights. Appellant argues that dismissal with prejudice equates with the suspension of the common law writ of habeas corpus, and thus denies to appellant comparable protection as afforded by common law

writ of habeas corpus. In substance, this same attack was lodged in the case of *Wiglesworth v. Wyrick*, 531 S.W.2d 713 (Mo. banc 1976); and our State Supreme Court, in upholding Rule 27.26 against such contention, declared at 717:

"'* * * The "suspension" of the writ which is prohibited means the denial to the citizen of the right to demand an investigation into the cause of his detention.'

39 C.J.S. Habeas Corpus § 123, summarizes the question in these words:

'*What constitutes suspension.* The suspension of the writ which is prohibited means an absolute denial of the right to demand an investigation into the cause of detention.'

It seems clear that the suspension prohibited relates to denial of the substantive right to have judicial inquiry into the cause of and justification for allegedly illegal detention, not to the form and procedure utilized in such proceeding. The provisions against suspension of such a right refer to the writ of habeas corpus because historically that has been the vehicle by which such inquiry is made. The term adequately describes the substantive right being protected and preserved."

Our Rule 27.26 does not, by its wording or interpretation thereof, suspend the common law writ of habeas corpus as contended by appellant, see *Wiglesworth v. Wyrick, supra.* Appellant's further contention that dismissal of appellant's motion "with prejudice" amounted to such suspension is without merit. When viewed against the provisions and applicability of Rule 27.26(c) and 27.26(d), the net effect as it relates to appellant's rights to file successive motions is the same, regardless of how and upon what designation the circuit court premised its dismissal. That is to say whether or not the dismissal was designated with or without prejudice has no significance regarding the substantive rights of appellant or the requirements of and the prohibitions set forth in Rule 27.26.

In the instant proceeding, appellant filed his pro se motion. Counsel was appointed

and amendment of the motion ordered. At the time and place determined for hearing, it was made clear that neither appellant nor counsel could find facts upon which to amend the motion. Appellant, pursuant to Rule 27.26, was afforded his rights and the opportunity to seek post–conviction relief. What the record reveals is that there is no substance in fact to support appellant's assertion of ineffective assistance of counsel.

The action taken and the judgment entered are not clearly erroneous and for and upon the reasons set forth herein, the judgment is in all respects affirmed.

All concur.