STATE of Missouri,
Defendant-Respondent

v.

Renell BURSTON, Plaintiff-Appellant.

No. 48419.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Henry B. Robertson, St. Louis, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellant, Renell Burston, was convicted of burglary in the first degree, rape and robbery in the first degree. Appellant's only point on appeal alleges insufficient evidence to support the charge of robbery in the first degree. We affirm.

A brief recitation of facts follows. On June 20, 1983, victim went to bed in her apartment in the City of St. Louis. Her apartment was secure and she was alone. Between 5:00 and 5:30 in the morning, victim was awakened by appellant who was standing at the side of her bed. He bore down on her with a butcher knife and told her that he was going to rape and kill her. Victim struggled with appellant and appellant dropped the knife. Victim kicked it under the bed. Appellant repeatedly hit victim in the face causing multiple lacerations and contusions.

Subsequently, appellant went through victim's purse. He took some currency and food stamps. He then went to her dresser and took a radio, three watches and some coins. While appellant was going through the dresser, victim was able to take hold of a can of chemical spray which she kept under her pillow. She sprayed appellant in the face. Appellant fell in the living room whereupon victim slammed and locked the door behind him and called the police.

Appellant alleges that the evidence was insufficient to support a finding that the taking of the property was accomplished through the use of a dangerous instrument. Specifically, appellant claims he was not in possession of the knife when he stole the property and as such a conviction for robbery in the first degree cannot stand. This claim is without merit.

Section 569.020 RSMo 1978 defines robbery in the first degree as "forcibly steals property and in the course thereof he ... (4) [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument." The operative phrase in the definition is "in the course thereof." The statute does not state that during the actual taking of property appellant must simultaneously display or threaten the use of what appears to be a deadly weapon or instrument. In the case at hand, the "course" of stealing encompassed the rape and beating of the victim. It was through these events that appellant prevented and overcame any resistance by the victim to the taking of her property.

While there is no case law construing the present statute, we do have interpretations from cases decided under the previous robbery statute, Section 560.120 RSMo 1969 (repealed). In interpreting that statute, our court ruled that the threatened force, violence or intimidation could precede the taking of the property. *See State v. Beatty*, 617 S.W.2d 87 (Mo.App.1981). We see no reason to change our ruling. At the time the incident in question began, appellant displayed and threatened the victim with a deadly weapon.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.