**Jeffrey D. ROLLINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 37214.**

Missouri Court of Appeals,
Western District.

July 8, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 28, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Joseph H. Locascio, Robert A. McNemah (Certified Law Intern), Kansas City, for appellant.

William L. Webster, Philip M. Koppe, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENEDY, JJ.

PER CURIAM.

Rollins appeals from the dismissal, without an evidentiary hearing, of his second Rule 27.26 motion for post-conviction relief. The judgment is reversed.

Rollins was convicted of second degree robbery after he entered a guilty plea. The plea appears to have been made pursuant to a plea agreement which provided for sentencing based on a pre-sentence investigation report. A term of twelve years imprisonment was imposed.

In 1983, Rollins filed his first Rule 27.26 motion. The pro se motion presented three interrelated grounds for relief: (1) the pre-sentence investigation report contained inaccuracies, (2) which Rollins did not have adequate time to correct, (3) due to ineffective assistance of counsel. An attorney was appointed to represent Rollins in his claim but no amended motion was filed. Before the matter proceeded to an evidentiary hearing, Rollins, through his attorney, filed a motion to withdraw the Rule 27.26 motion and to have the same dismissed without prejudice. By way of explanation, the motion stated that Rollins had been unaware of the nature and proper scope of a Rule 27.26 motion at the time he filed his pro se motion but that counsel had, through correspondence, explained such matters to him. The court sustained the motion to withdraw and ordered the Rule 27.26 motion dismissed.

In 1985, Rollins filed a second Rule 27.26 motion which, after amendment by his appointed counsel, alleged the same three grounds for relief as the earlier motion. Upon finding that the successive motion duplicated the grounds presented in the first motion, the trial court dismissed it without an evidentiary hearing. In support of its order the court cited the following cases: *Newman v. State*, 481 S.W.2d 3 (Mo.1972); *Cawthon v. State*, 614 S.W.2d 262 (Mo.App.1980); and *Speights v. State*, 556 S.W.2d 213 (Mo.App.1977). There were no further findings of fact and conclusions of law.

On appeal, Rollins contests the dismissal on the grounds that there was no ruling on the merits of either of his Rule 27.26 motions. He also reasserts the basis of his claim for post-conviction relief. Because, as Rollins correctly notes, the motion was not decided on its merits, consideration of his second point would exceed our scope of review which is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Rule 27.-26(j). Therefore, only Rollins's first point will be addressed.

Rollins argues that Rule 67.01, authorizing voluntary dismissal without prejudice of a civil action, should be applicable in Rule 27.26 proceedings. He further maintains that, in any event, he should not be precluded from litigating his claim where the original dismissal was pursuant to his motion to withdraw the Rule 27.26 motion

without prejudice and where he thus detrimentally relied on the trial court's acceptance of his motion.

In *Cawthon v. State,* 614 S.W.2d 262, 265 (Mo.App.1980), this court found Rule 67.01 inapplicable to Rule 27.26 proceedings where counsel had been appointed. We indicated two reasons for that conclusion:

Pursuant to *Fields v. State,* [572 S.W.2d 477 (Mo. banc 1978)], upon motion counsel is appointed, movant is permitted to confer with counsel and to freely amend the motion. If the court determines an evidentiary hearing is required, a series of events are set in motion. The court is required to provide the forum and allocate time for the hearing. The state, as the opposing party, must prepare to meet the allegations of the motion. The state must provide transportation and other accommodations relative to the appropriate venue. There must be an opportunity for extended conference between movant and counsel, if warranted. The remaining reason is that to permit such dismissal subsequent to appointment of counsel would fail to comport with a cardinal principle announced in *Fields v. State,* supra, which is finality and expressed by our State Supreme Court thusly, "Finality is a central aspect of rule 27.26. If a meritorious collateral claim exists, the rule is designed to bring it to the fore promptly and cogently. No one, least of all prisoners, stand to gain from a prolonged, cumbersome, repetitive post-conviction process." *Fields, supra,* at 483 (emphasis added)

This holding is still viable and we will continue to adhere to it, however, inasmuch as the circumstances of this case more closely correspond with those present in *Lewis v. State,* 700 S.W.2d 491 (Mo.App.1985), *Lewis* will govern the outcome of this appeal.

In *Cawthon,* dismissal occurred when both movant and counsel advised the court of their inability to set forth facts to support the motion for post-conviction relief. In *Lewis,* however, a successive motion was allowed where the first motion was pro se, it was withdrawn without a record or a finding that it lacked merit, and although counsel had been appointed for movant, the record failed to disclose whether movant was afforded the opportunity to amend the original pro se motion. The same three factors also appear in the case at bar and thus distinguish it along with *Lewis* from *Cawthon* wherein there was implicit acknowledgment of the absence of evidence to support the motion. The court in *Cawthon, supra* at 264, noted that, although given the opportunity to amend the defective motion, both movant and counsel repeatedly advised the court of their inability to set forth facts to support the claim for relief.

Rule 27.26(h) and *Fields, supra* at 482–83 provide that appointed counsel is obligated to ascertain from movant all grounds known as a basis for attacking the judgment and sentence and to amend the motion to include any omitted claims and, if necessary, to more fully and accurately allege the grounds stated in the pro se motion. As the Court noted in *Fields, supra* at 482 n. 3, it is the performance of counsel's designated duties that enables a strong measure of finality to be given to trial court rulings in Rule 27.26 cases. This obligation was fulfilled in *Cawthon* insofar as possible given the facts of the case—the same conclusion cannot be reached based on the records in either *Lewis* or the case at bar.

As was the *Lewis* court, this court is aware of the Supreme Court's observation in *Newman v. State,* 481 S.W.2d 3, 5 (Mo. 1972), that the rule barring successive motions is to apply regardless of whether the first motion was decided adversely to the movant, withdrawn or dismissed. We are also cognizant of *Speights v. State,* 556 S.W.2d 213 (Mo.App.1977), a decision based in part on the declaration in *Newman* that a withdrawn motion precludes the reassertion of claims which were or could have been raised in such motion. Both cases, however, preceded the announcement in *Fields* of an enhanced right to counsel and as pointed out in *Lewis, supra* at 494 (Karohl, J., concurring) both cases are factually distinguishable from the present situation.

After reviewing the relevant case law, Judge Karohl reached the following conclusion which we find to be equally applicable here:

I summarize all these cases to hold a movant is entitled to one meaningful 27.-26 review. A withdrawal of an original 27.26 motion will not constitute such review unless there is a record from which it may be found movant had the benefit of active counsel and the first motion was without merit. A trial court can make such a record if in its discretion it permits a withdrawal or dismissal. This was done in *Newman* and had the effect of an adverse decision. In the present case, there is no record to indicate the withdrawal was, in the same manner, an adverse decision.

*Lewis, supra,* at 495 (Karohl, J., concurring).

We conclude that, under the rather narrow set of circumstances present here, *Lewis* represents the correct approach. Accordingly, the judgment is reversed and the case remanded for consideration on the merits.

The judgment is reversed.