Johnnie Lee JACKSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 55368.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 2, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Mark B. Moran, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant appeals denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

On May 18, 1983, a jury in the City of St. Louis convicted Movant of robbery first degree as alleged in Count V of a five count indictment. The trial court thereafter sentenced Movant to thirty years in prison. Pursuant to a plea bargain agreement, Movant agreed to waive his right to appeal the robbery conviction and agreed to plead guilty to the remaining four counts of robbery first degree contained in that indictment and to six counts of first degree robbery pending in St. Louis County. In exchange, the State recommended concurrent sentences of ten years on each of the four robbery counts pending in the City of St. Louis to be served consecutively to the thirty year sentence on Count V. Accepting the plea bargain, the trial court sentenced Movant accordingly.

On August 30, 1984, Movant filed a *pro se* motion pursuant to Rule 27.26. On April 9, 1985, Movant, then represented by counsel, withdrew his Rule 27.26 motion.

On April 19, 1988, Movant filed a combined motion pursuant to Rule 24.035 and 29.15.[1] On May 24, 1988, the motion court appointed the Special Public Defender in the Twenty–Second Judicial Circuit to represent Movant and directed that attorney to file, on or before June 24, 1988, an amended motion and/or a request for an evidentiary hearing.

On June 7, 1988, counsel for Movant requested the State Public Defender to assign the case to other counsel due to a conflict of interest. The State Public Defender, on June 16, 1988, assigned the case to the Public Defender for the Twenty–First Judicial Circuit. On June 21, 1988, the Circuit Attorney filed a motion to dismiss. On July 7, 1988, an Assistant Public Defender for St. Louis County entered his appearance.

On July 20, 1988, the motion court entered Findings of Fact and Conclusions of Law in which it dismissed Movant's motion with prejudice. This appeal followed.

Movant asserts the motion court erred in denying his motion without an evidentiary hearing. He contends the motion court's action deprived his attorney of the full thirty days, afforded by the applicable rules, in which to familiarize himself with the case and in which to file an amended motion. We disagree.

Rule 24.035 and Rule 29.15 each contain the following provisions with respect to amended motions:

> Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. Any response to the motion by the prosecutor shall be filed within ten days after the date an amended motion is required to be filed.

Mo.Rs.Crim.P. 24.035(f); 29.15(f). The motion court followed the dictates of these rules when, on the date he appointed counsel for Movant, he directed that counsel file an amended motion and/or request an evidentiary hearing within thirty days.

The transfer of the case from the Special Public Defender in the Twenty–Second Ju-

---

1. Movant inaccurately refers to this motion as a Rule 27.26 motion. Because it was filed after January 1, 1988, that portion of the motion directed to Count V, which was tried to a jury, was necessarily filed pursuant to Rule 29.15 and that portion directed to Counts I through IV, to which Movant pleaded guilty, were necessarily filed pursuant to Rule 24.035. Mo.Rs.Crim.P. 29.15(m); 24.035(*l*). *See Hutchins v. State,* 761 S.W.2d 761 (Mo.App.1988).

dicial Circuit to the Public Defender in the Twenty–First Judicial Circuit, as the result of a conflict, was action taken by the State Public Defender. The motion court was uninvolved; its order with respect to an amended motion and/or a request for an evidentiary hearing was unaffected. Similarly, the assignment of the case by the Public Defender to an Assistant Public Defender in the same office had no effect upon the order of the motion court which order fully complied with the applicable rules.

The motion court, therefore, failed to deprive Movant's attorneys of the thirty day period within which to file an amended motion or to request an evidentiary hearing; the attorneys' own inaction caused any alleged deprivation. The record reflects that none of Movant's attorneys sought additional time from the motion court within which to file an amended motion or request an evidentiary hearing as permitted by the rules. Mo.Rs.Crim.P. 24.-035(f); 29.15(f). Nor does the record disclose a request for additional time to respond to the State's Motion to Dismiss filed on June 21, 1988. Moreover, Movant's attorneys had substantially more than the initial thirty day period that expired on June 24, 1988, because the motion court issued its Findings of Fact and Conclusions of Law nearly one month later on July 20, 1988. Their failure to utilize effectively the time allotted under these rules, or to seek to enlarge that time period, as also permitted by the rules, fails to constitute error by the motion court.

■ In its brief, the State advances an additional ground not considered by the motion court but supportive of its judgment. The State argues that Movant, having filed a Rule 27.26 motion in 1985, is precluded from filing another subsequent motion, albeit pursuant to Rules 29.15 and 24.035.

Prior cases interpreting Rule 27.26 held that a motion court might allow a successive motion where the first motion was *pro se*, where it was withdrawn without a record to demonstrate its lack of merit, and where the record failed to show movant was given an opportunity to amend the original motion. *Rollins v. State*, 716 S.W.2d 810, 812 (Mo.App.1986); *Lewis v. State*, 700 S.W.2d 491, 493 (Mo.App.1985). Unlike the language in Rule 27.26(d),[2] relating to successive motions, the language in Rules 29.15(k) and 24.035(k) is unqualified:

The circuit court shall not entertain successive motions.

To the extent that Movant's instant motion is a successive motion, this provision precludes a motion court's consideration of it. *Hutchins v. State*, 761 S.W.2d 761, 762 (Mo.App.1988). Because, however, the State failed to present this issue to the trial court, we decline to address it on appeal. *Reitsch v. T.W.H. Co., Inc.*, 702 S.W.2d 108, 112 (Mo.App.1985).

Judgment affirmed.

DOWD, P.J., and SIMON, J., concur.

---

**2.** Rule 27.26(d) states in pertinent part:
The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule.