Renell BURSTON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 95228.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 21, 2011.

Edward S. Thompson, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Renell Burston (Movant) appeals from the City of St. Louis Circuit Court's judgment denying his second Rule 29.15 motion for post-conviction relief, as successive. Movant contends that the motion court clearly erred in denying his second Rule 29.15 motion because: (1) his first Rule 29.15 motion was dismissed without prejudice and the dismissal was not a final, appealable judgment; (2) Movant was denied his rights to due process because he never received a ruling on the merits of his post-conviction relief claims; and (3) the record is "not clear" whether Movant's post-conviction counsel for his first Rule 29.15 motion "amended [Movant's] initial motion or did much of anything" and the motion court's dismissal of his first Rule 29.15 motion lacked detailed findings. We affirm.

### Background

On January 18, 1984, a jury convicted Movant of burglary in the first degree, forcible rape, and robbery in the first degree. The trial court sentenced Movant to three consecutive sentences of incarceration, totaling ninety years. We affirmed Movant's conviction. *State v. Burston*, 684 S.W.2d 568 (Mo.App. E.D.1984).

On June 22, 1986, Movant filed a motion for post-conviction relief under Rule 27.26 (repealed). Subsequently, the State filed a motion to dismiss Movant's motion, which after argument, the motion court sustained and dismissed Movant's motion without prejudice.

On June 30, 1988, Movant, through counsel, filed his first Rule 29.15 motion for post-conviction relief. In his motion, Movant alleged several grounds of ineffective assistance of counsel. The motion court granted Movant's request for an evidentiary hearing. Prior to the scheduled evidentiary hearing, Movant's counsel filed a motion to withdraw "at the direction of petitioner, and with petitioner's consent." Movant did not file an affidavit of indigence or request appointment of counsel, and the motion court did not appoint new post-conviction counsel. Movant took no further action on his Rule 29.15 motion for over a year, and on January 29, 1990, the motion court dismissed Movant's motion without prejudice. Movant did not file a motion to set aside the dismissal or appeal the order of dismissal.

Approximately fourteen months following the dismissal of his first Rule 29.15 motion, Movant filed various motions to "recall the mandate." None of these mo-

tions, however, was successful.[1]

On October 24, 2003, Movant filed his second Rule 29.15 motion for post-conviction relief. In his motion, Movant again alleged various claims of ineffective assistance of counsel. On June 8, 2010, the motion court denied Movant's Rule 29.15 motion on the grounds that it was successive to Movant's first Rule 29.15 motion that was dismissed without prejudice on January 29, 1990. The motion court found that Movant's appropriate remedy would have been to file a motion to set aside the dismissal and appeal the order of dismissal of his first Rule 29.15 motion. Movant appeals.

### Standard of Review

Our review of the denial of a Rule 29.15 motion is limited to whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008).

### Discussion

In his sole point on appeal, Movant contends that the motion court clearly erred in denying his second Rule 29.15 motion as successive because: (1) his first Rule 29.15 motion was dismissed without prejudice and the dismissal was not a final, appealable judgment; (2) Movant was denied his rights to due process because he never received a ruling on the merits of his postconviction relief claims; and (3) the record is "not clear" whether Movant's

post-conviction counsel for his first Rule 29.15 motion "amended [Movant's] initial motion or did much of anything" and the motion court's dismissal of his first Rule 29.15 motion lacked detailed findings. Conversely, the State argues that the motion court did not clearly err because Rule 29.15(*l*) prohibits successive Rule 29.15 motions and because Movant's first Rule 29.15 motion, although dismissed without prejudice, was final and appealable.

Movant's claim that his second Rule 29.15 motion should not be denied as successive because his first Rule 29.15 motion was dismissed without prejudice derives from the procedural rule codified in Rule 67.01. Rule 67.01 provides that in civil cases, "[a] dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." As a result, a dismissal without prejudice is ordinarily not a final, appealable judgment because the petitioner may refile the action. *See Martin v. Morgan*, 101 S.W.3d 336, 337 (Mo.App. E.D.2003).

The Missouri Rules of Civil Procedure, however, only govern Rule 29.15 motions insofar as they are applicable. Rule 29.15(a); *Hollingshead v. State*, 324 S.W.3d 779, 783 (Mo.App. W.D.2010). "If a civil rule hinders the purposes of the post-conviction rules, it does not apply." *Hollingshead*, 324 S.W.3d at 783. Missouri courts have recognized that "the intent of the framers of Rule 29.15 was to prevent delay, end the use of successive motions, and to discourage 'sandbagging' by the movant." *Id.* (quoting *Rohwer v. State*, 791 S.W.2d 741, 744 (Mo.App. W.D. 1990)). Directly furthering this purpose,

---

1. The first "motion" was a letter to the motion court, which the clerk of the court replied in a letter to Movant that his letter "cannot be used as a formal request to recall [the] Mandate." Thereafter, Movant filed a

"Petition to Recall Mandate" and a "Motion to Recall the Mandate or to Re-open and Vacate, Amend, or Modify Order of Dismissal and for Other Appropriate Relief." The record does not reflect a ruling on either motion.

Rule 29.15(*l*) expressly provides that with respect to Rule 29.15 motions, "[t]he circuit court shall not entertain successive motions."[2]

Because Rule 67.01, which allows a civil litigant to refile a cause of action dismissed without prejudice, violates the clear policy of Rule 29.15(*l*) prohibiting successive motions, our Supreme Court has held that Rule 67.01 is inapplicable to Rule 29.15 motions. *Belcher v. State*, 299 S.W.3d 294, 297 (Mo. banc 2009) (citing *State v. McMillin*, 783 S.W.2d 82, 89–90 (Mo. banc 1990) (abrogated on other grounds by *Morgan v. Illinois*, 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992))). Specifically, in *McMillin*, the Court reasoned that a movant may "not avoid the clear prohibition against successive motions" by reinstating a Rule 29.15 motion previously dismissed without prejudice. 783 S.W.2d at 90. The Court held that the motion court did not clearly err in dismissing the successive motion.

As in *McMillin*, the motion court here did not clearly err in denying Movant's successive Rule 29.15 motion. We also agree with the motion court that Movant's appropriate remedy was to appeal the motion court's judgment dismissing his first Rule 29.15 motion without prejudice. While a dismissal without prejudice is generally not appealable, "[a]n exception to this rule is found where the dismissal without prejudice effectively terminates the litigation in the form in which it is cast or in the plaintiffs chosen forum." *Nolan v. State*, 959 S.W.2d 939, 940 (Mo.App. E.D. 1998) (quotation and quotation marks omitted). Because the dismissal without prejudice terminated the proceedings on Movant's first Rule 29.15 motion, the dismissal was appealable. *See id.* (holding that dismissal of Rule 29.15 motion without prejudice was final and appealable).

Additionally, Movant's argument that the lack of a ruling on the merits of his postconviction claims deprived him of due process is also without merit. Without citing authority in support, Movant states that "Rules 27.26 and 29.15 create a legitimate expectancy on the part of postconviction movants that their convictions and sentences will be reviewed by the circuit courts and courts of appeal in the state of Missouri, and the due process clause applies." Our Supreme Court, however, has held that Rule 29.15 does not create a substantive right to collaterally attack a conviction or sentence. *Schleeper v. State*, 982 S.W.2d 252, 254 (Mo. banc 1998). Rather, Rule 29.15 is "procedural" and "[i]t 'prescribes a method of enforcing rights or obtaining redress for their invasion.'" *Id.* (quoting *State v. Reese*, 920 S.W.2d 94, 95 (Mo. banc 1996)). When seeking post-conviction relief under Rule 29.15, a movant is entitled only to the procedures available under that rule. *Smith v. State*, 887 S.W.2d 601, 602 (Mo. banc 1994). Here, because it is undisputed that Movant's second Rule 29.15 motion is a successive motion, the motion violates the express procedures available under Rule 29.15 and is therefore invalid. *See id.* (holding that a successive Rule 29.15 motion was invalid, even when the first Rule 29.15 motion was procedurally barred and not decided on the merits).

---

2. We note that courts have recognized an exception to Rule 29.15(*l*)'s prohibition of successive motions where a movant offers a valid claim of abandonment by post-conviction counsel. *Simmons v. State*, 240 S.W.3d 166, 171 (Mo.App. W.D.2007). Movant makes no such claim in his point relied on, and, thus we do not consider his bare assertions regarding abandonment raised for the first time in the argument section of his brief. *See Yates v. State*, 158 S.W.3d 798, 802 (Mo. App. E.D.2005) (holding that the court of appeals will not consider arguments made for the first time in the argument portion of the brief).

Finally, Movant claims that he was permitted to file a successive Rule 29.15 motion because the record is "not clear" whether Movant's post-conviction counsel for his first Rule 29.15 motion "amended [Movant's] initial motion or did much of anything" and the motion court's dismissal of his first Rule 29.15 motion lacked detailed findings. In support of his position, Movant cites *Rollins v. State*, 716 S.W.2d 810 (Mo.App. W.D.1986) and *Lewis v. State*, 700 S.W.2d 491 (Mo.App. E.D.1985). In *Jackson v. State*, 772 S.W.2d 779, 781 (Mo.App. E.D.1989), this court observed that those cases, which interpreted Rule 27.26 (repealed), "held that a motion court might allow a successive motion where the first motion was *pro se*, where it was withdrawn without a record to demonstrate its lack of merit, and where the record failed to show movant was given an opportunity to amend the original motion." *Id.* at 781 (citing *Rollins*, 716 S.W.2d 810; *Lewis v. State*, 700 S.W.2d 491).

Initially, we note that the instant facts are distinguishable from those in *Rollins* and *Lewis*, In particular, Movant's first Rule 29.15 motion was not *pro se*, but filed by counsel, and Movant did not withdraw his motion, the motion court dismissed it. Moreover, under Rule 29.15(*l*), unlike Rule 27.26(d), the language prohibiting successive motions is unqualified. *Id.*[3] Our Supreme Court has held that the procedural requirements of Rule 29.15 are strictly enforced because, unlike Rule 27.26, Rule 29.15 has the additional purpose "to avoid 'delay in the processing of prisoners' claims and prevent the litigation of stale claims.'" *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991) (quoting *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989)). Accordingly, even assuming, *arguendo*, the holdings in *Rollins* and *Lewis* would support Movant's filing of a successive motion under Rule 27.26, those cases are of no support to Movant's instant successive motion filed under Rule 29.15.[4] Point denied.

## Conclusion

The judgment of the motion court is affirmed.

GARY M. GAERTNER, P.J., and MARY K. HOFF, J., concur.

---

**3.** Rule 27.26(d) stated in pertinent part:

The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule.

Rule 29.15(*l*) states: "The circuit court shall not entertain successive motions."

**4.** We further note that to the extent Movant challenges the motion court's findings in its dismissal of his first Rule 29.15 motion, Movant failed to file a motion to amend the judgment pursuant to Rule 78.07(c), and has therefore preserved nothing for review. *See Gerlt v. State*, 339 S.W.3d 578, 584–85 (Mo. App. W.D.2011).